UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MR. KEITH POOLER,

        Plaintiff,        **DECISION**
 v.                    **and**
                        **ORDER**

JAMES D. ESQUIR,
JOHN STAGE,
MATTHEW PORTER,            **14-CV-465S(F)**
ROBERT BARGESSER,
JEFFREY POWER,
R.N. SEELEY,

        Defendants.
_____


APPEARANCES:    KEITH POOLER, *Pro Se*
            11-A-1736
            Clinton Correctional Facility
            Box 2001
            Dannemora, New York 12929

            ERIC T. SCHNEIDERMAN
            New York State Attorney General
            DENETRA D. ROBERTS
            Assistant Attorney General, of Counsel
            350 Main Street, Suite 300A
            Buffalo, New York 14202


   In this prisoner civils rights case, Plaintiff alleges that while housed at the N.Y. Department of Corrections and Community Supervision's ("DOCCS") Elmira Correctional facility, Plaintiff was assaulted by Defendants Stage, Porter, Bargesser, and Power, denied due process by Defendant Esquir, and denied medical treatment by Defendant Seeley in violation of Plaintiff's rights under the Eighth and Fourteenth Amendments. By papers filed May 5, 2017, Plaintiff requests substantial monetary damages ($50,000) and restoration of lost good behavior time as sanctions pursuant to

Fed.R.Civ.P. 37(a)(2) and (b)(2). (Dkt. 64). Plaintiff's request is based on Defendants' alleged failure to provide truthful answers to Plaintiff's interrogatories regarding Defendant Seeley's denials that Plaintiff required medical treatment following the assault, failure to provide truthful information to Plaintiff regarding the circumstances of Defendant Seeley's separation from a nurse position at Elmira, which Plaintiff alleges was on account of serious misconduct, failure to produce background information created by DOCCS regarding Defendant Seeley's purported resignation for failure to provide medical treatment of Plaintiff, the reason for Defendant Power's separation from DOCCS, Defendants' failure to produce a copy of a surveillance videotape showing Plaintiff was in need of medical treatment after being escorted to the SHU following the alleged assault and examined by Defendant Seeley, and the failure of Plaintiff's prisoner counselor to request a subpoena pursuant to Fed.R.Civ.P. 45 to compel production of the putative videotape copy which Plaintiff had requested ("Plaintiff's motion"). By Declaration of Denetra D. Roberts, Assistant N.Y. Attorney General, filed May 30, 2017 (Dkt. 71) ("Defendants' Response"), Defendants contend that Plaintiff's motion should be considered a motion to compel discovery that, according to the Scheduling Order (Dkt. 51) for this case, was required to be filed not later than February 28, 2017 and, as such, Plaintiff's motion is untimely. Defendants further oppose Plaintiff's motion on the ground that Defendants lack possession, custody or control over the videotape as required for production under Fed.R.Civ.P. 34(a), that no videotapes responsive to Plaintiff's demands exist, and that Defendants responded fully to Plaintiff's requests by serving responses to Plaintiff's interrogatories and document requests on March 31, 2017 (*see* Dkts. 62, 63). In Plaintiff's Response, filed July 16, 2017 (Dkt. 72), Plaintiff

reiterates Plaintiff's contentions in support of Plaintiff's motion.

There is no merit in Plaintiff's motion. First, the only basis for relief pursuant to Rule 37 is upon a party's filing of a motion to compel discovery as stated in Rule 37. *See* Fed.R.Civ.P. 37(a)(1) ("a party may move for an order compelling discovery). Thus, unless Plaintiff's motion is treated as one to compel discovery, there is no basis for granting any sanctions pursuant to Rule 37 against Defendants as Plaintiff requests. However, as Defendants note, the cut-off for motions to compel in this case, February 28, 2017, has passed and Plaintiff provides no reason to extend such deadline after the fact as required by Fed.R.Civ.P. 6(b)(1)(A) (good cause and excusable neglect required to extend deadline after required deadline has passed). Accordingly, Plaintiff's motion, properly treated as a motion to compel, is untimely and, as such, should be DENIED. Further, it is basic that discovery of relevant information that a requested party represents does not exist cannot be compelled. *Gross v. Lunduski*, 304 F.R.D. 136, 141 (W.D.N.Y. 2014) (citing *Shcherbakovskiy v. Da Capo Al Fine, Ltd.,* 490 F.3d 130, 138 (2d Cir. 2007)).

Finally, it is well-settled that where a party requesting answers to interrogatories served pursuant to Fed.R.Civ.P. 33 is dissatisfied with the truthfulness or accuracy, as opposed to a lack of completeness of such answers, the court does not determine the credibility of the answers, as the final determination of factual disputes is reserved to the trier of fact. *See Sheehy v. Ridge Tool Co.,* 2007 WL 1020742, at *2 (D.Conn. Apr. 2, 2007) ("Interrogatories serve to lock-in a respondent's answers and may be used in the future to test that respondent's credibility at trial."). *See also Farinaro v. Coughlin*, 1993 WL 485729 at *8, n. 11 (S.D.N.Y. Nov. 23, 1993) (noting *pro se* plaintiff's interrogatory

3

answers that were inconsistent with plaintiff's testimony at bench trial, could be considered in assessing plaintiff's credibility). Moreover, Defendants responded to Plaintiff's requests regarding the circumstances of Defendant Power's and Seeley's separation from DOCCS stating that Power retired and Seeley resigned. See Dkt. 62. Although it is incorrect that Defendants lack possession, custody, or control over any videotape requested by Plaintiff, see Gross, 304 F.R.D. at 142-43 (where defendants through representation by N.Y. Attorney General have practical ability to obtain requested records from DOCCS, defendants deemed to have control of such documents for purposes of Rule 34(a) and plaintiff not required to proceed by subpoena pursuant to Rule 45) (citing caselaw), where, as here, Defendants deny the existence of the videotape Plaintiff requests, see Dkt. 71 at 8 (May 11, 2017 Letter to Plaintiff from Denetra D. Roberts, N.Y.S.A.A.G. ("No videotapes exist.")), no relief to Plaintiff pursuant to Rule 37 is available. Even if Defendants did not have practical control of the purported videotape, it was also Plaintiff's responsibility to seek such evidence by issuing a Rule 45 subpoena to DOCCS. Defendants do not serve as guarantors of assistance provided to prisoner-plaintiffs. Therefore, Defendants' alleged failure to provide a copy of the particular videotape Plaintiff seeks is not a ground for sanctions under Rule 37(b). As Plaintiff's motion is wholly without merit, the court need not consider the propriety of Plaintiff's requested sanctions.

## CONCLUSION

Based on the foregoing, Plaintiff's motion (Dkt. 64) is DENIED.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Dated: August 16, 2017
       Buffalo, New York

ANY APPEAL OF THIS DECISION AND ORDER MUST BE TAKEN BY FILING WRITTEN OBJECTION WITH THE CLERK OF COURT **NOT LATER THAN 14 DAYS** AFTER SERVICE OF THIS DECISION AND ORDER IN ACCORDANCE WITH FED.R.CIV.P. 72(a).